UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BETZAIDA BENABE IGLESIAS,

     Plaintiff,

v.                            Case No.:  2:20-cv-931-DNF

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.

_____

## **OPINION AND ORDER**

Plaintiff Betzaida Benabe Iglesias seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability and disability insurance benefits and for supplemental security income benefits. The Commissioner filed the Transcript of the proceedings ("Tr." followed by the appropriate page number), and the parties filed a joint legal memorandum setting forth their respective positions. As explained below, the decision of the Commissioner is **AFFIRMED** under § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I.   Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision

### A.   Social Security Eligibility

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

### B.   Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Winschel v.*

*Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are reviewed under a de novo standard. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the ALJ must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the ALJ finds the claimant's severe impairments do not meet or medically equal a listed impairment,

then the ALJ must determine whether the claimant has the residual functional capacity ("RFC") to perform her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform her past relevant work, the ALJ must determine at step five whether the claimant's RFC permits her to perform other work that exists in the national economy. 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove she is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

## C.      Procedural History

Plaintiff filed an application for a period of disability and disability insurance benefits on January 8, 2018, and for supplemental security income benefits on December 28, 2017, alleging disability beginning December 8, 2017. (Tr. 93, 94, 212-39). The applications were denied initially and on reconsideration. (Tr. 93, 94, 129, 130). Plaintiff requested a hearing, and on October 17, 2019, a hearing was held before Administrative Law Judge Ryan Johannes. (Tr. 48-70). On February 3, 2020, the ALJ entered a decision finding Plaintiff not under a disability from December 8, 2017, through the date of the decision. (Tr. 27-39).

Plaintiff requested review of the decision, but the Appeals Council denied Plaintiff's request on September 22, 2020. (Tr. 1-8). Plaintiff initiated the instant action by Complaint (Doc. 1) filed on November 23, 2020, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 19).

## D.      Summary of ALJ's Decision

In this matter, the ALJ found Plaintiff met the insured status requirements of the Social Security Act through December 31, 2022. (Tr. 30). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since December 8, 2017. (Tr. 30). At step two, the ALJ found that Plaintiff had the following severe impairments: "diabetes mellitus, lumbar

degenerative disc disease and spondylosis, cervical spondylosis, headache, iron deficiency anemia, gastritis, obesity, and obstructive sleep apnea." (Tr. 30). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926). (Tr. 31).

Before proceeding to step four, the ALJ found that Plaintiff had the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 [C.F.R. §§] 404.1567(b) and 416.967(b) except assume a hypothetical individual who was born on April 4, 1973, has at least a high school education and is able to partially communicate in English as defined in 20 [C.F.R. §§] 404.1564 and 416.964, and has work experience as described in your response to question #6 (nursery school attendant (Dictionary of Occupational Titles (DOT) 359.677-018 with a light exertion level with a Specific Vocational Preparation (SVP) of 4; medical record clerk (DOT 245.362-010) with a light exertion level with a SVP of 4; and cleaner commercial or institutional (DOT 381.687-014) with a heavy exertion level and performed by the claimant the light exertion level with a SVP of 2). Assume further that this individual has the residual functional capacity (RFC) to perform light work as defined in 20 [C.F.R. §§] 404.1567(b) and 416.967(b) . . . except frequently climb stairs and ramps; never climb ladders or scaffolds; occasionally balance, stoop, kneel, crouch, and crawl; must avoid concentrated exposure to vibrations and moving mechanical parts and unprotected heights.

(Tr. 32).

At step four, the ALJ relied on the vocational expert's interrogatory responses to find Plaintiff was capable of performing her past relevant work as a medical record clerk. (Tr. 37). The ALJ found this work did not require the performance of work-related activities that were precluded by Plaintiff's RFC. (Tr. 37). Alternatively, at step five – and again relying on the vocational expert's interrogatory responses along with considering Plaintiff's age (44 years old on the alleged disability onset date), education (at least high school), work experience, and RFC – the ALJ found there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 37). Specifically, the ALJ found that Plaintiff could perform such occupations as:

(1)   ticket taker, DOT[1] 344.667-010, light, SVP 2

(2)   cashier II, DOT 211.462-010, light, SVP 2

(3)   marker, DOT 209.587-034, light, SVP 2

(Tr. 37-38). The ALJ concluded that Plaintiff had not been under a disability from December 8, 2017, through the date of the decision. (Tr. 38).

## II.   Analysis

On appeal, Plaintiff raises three issues: (1) whether the ALJ properly evaluated whether Plaintiff met a listed impairment in light of Medical Expert Michael Jacobs, M.D.'s answers to interrogatories and all evidence of record; (2)

---

[1] DOT refers to the *Dictionary of Occupational Titles*.

whether the ALJ properly relied on Medical Expert Dr. Jacobs' evidence in the RFC determination; and (3) whether the ALJ's finding that Plaintiff had no limitations from her mental issues was supported by substantial evidence.

### A.   Whether Plaintiff Met a Listing

Plaintiff claims she had complications from her hemolytic anemia such that her impairment met Medical Listing 7.18 for repeated complications of hematological disorders.[2] (Doc. 27, p. 19-20); 20 C.F.R pt. 404, subpt. P. app. 1, § 7.18. This Medical Listing covers hematological disorders in adults. 20 C.F.R pt. 404, subpt. P. app. 1, § 7.00. Plaintiff contends that the ALJ erred in not finding that she met this Medical Listing. (Doc. 27, p. 20-21). The Commissioner argues that Plaintiff did not meet all the requirements for Medical Listing 7.18.

The burden lies with Plaintiff to show that she has an impairment that meets or medically equals a listed impairment. *Barclay v. Comm'r of Soc. Sec. Admin.*, 274 F. App'x 738, 741 (11th Cir. 2008). For an impairment to meet a listing, a plaintiff must show that it meets *all* the specified medical criteria. *Bailey v. Soc. Sec. Admin., Comm'r*, 782 F. App'x 838, 840 (11th Cir. 2019) (citing *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990)). If an impairment meets only some criteria, then it will not qualify, no matter the severity of the impairment. *Id.* To meet a listing, a claimant must have

---

[2] Plaintiff also claims that Medical Listing 7.05 for hemolytic anemias is relevant, but admits she does not meet the requirements of this listing. (Doc. 27, p. 20). Thus, the Court will limit its discussion to Medical Listing 7.18.

a diagnosis included in a listing and provide medical reports documenting that the conditions meet the specific criteria of a listing *and the duration requirement. Id.* (citing *Wilson v. Barnhart*, 284 F.3d 1219, 1224 (11th Cir. 2002)).

Medical Listing 7.18 provides:

> Repeated complications of hematological disorders (see 7.00G2) including those complications listed in 7.05, 7.08, and 7.10 but without the requisite findings for those listings, or other complications (for example, anemia, osteonecrosis, retinopathy, skin ulcers, silent central nervous system infarction, cognitive or other mental limitation, or limitation of joint movement), resulting in significant, documented symptoms or signs (for example, pain, severe fatigue, malaise, fever, night sweats, headaches, joint or muscle swelling, or shortness of breath), and one of the following at the marked level (see 7.00G4)
>
> > Limitation of activities of daily living (see 7.00G5).
> >
> > Limitation in maintaining social functioning (see 7.00G6).
> >
> > Limitation in completing tasks in a timely manner due to deficiencies in concentration, persistence, or pace (see 7.00G7).

20 C.F.R pt. 404, subpt. P. app. 1, § 7.18.

So to meet Medical Listing 7.18, Plaintiff must show: (1) "repeated complications of hematological disorders"; (2) "resulting in significant, documented symptoms or signs"; (3) with one marked level of either limitation of daily activities, limitation in maintaining social functioning, or "limitation in completing tasks in a timely manner due to deficiencies in concentration, persistence, or pace." 20 C.F.R

pt. 404, subpt. P. app. 1, § 7.18. The Commissioner argues that Plaintiff has not met any of these requirements.

Beginning with the requirement that Plaintiff must suffer from "repeated complications of hematological disorders," the Commissioner claims that Plaintiff's impairments do not meet the repeated-complications requirement. Medical Listings under 7.00 define "repeated complications" to mean:

> the complications occur on an average of three times a year, or once every 4 months, each lasting 2 weeks or more; or the complications do not last for 2 weeks but occur substantially more frequently than three times in a year or once every 4 months; or they occur less frequently than an average of three times a year or once every 4 months but last substantially longer than 2 weeks. Your impairment will satisfy this criterion regardless of whether you have the same kind of complication repeatedly, all different complications, or any other combination of complications; for example, two of the same kind of complication and a different one. You must have the required number of complications with the frequency and duration required in this section. Additionally, the complications must occur within the period we are considering in connection with your application or continuing disability review.

20 C.F.R pt. 404, subpt. P. app. 1, § 7.00(g)(2). So to meet the requirement of "repeated complications," Plaintiff must show: an average of 3 occurrences a year each lasting at least 2 weeks; complications that do not last 2 weeks but occur *substantially* more frequently than 3 times in a year; or less frequent occurrences that last substantially longer than 2 weeks. 20 C.F.R pt. 404, subpt. P. app. 1, §

7.00(g)(2). To establish this requirement, Plaintiff relies on the following Medical Expert Michael Jacobs, M.D.'s response to an interrogatory # 8:

> Do you agree that the claimant had complications of hemolytic anemia, requiring hospitalizations and/or emergency room visits on (1) December 9, 2017 -December 16, 2017 (Exhibit 2F, 6F); (2) July 12, 2018 (Exhibit 14F); (3) November 19, 2018 (Exhibit 29F); (and 4) September 17, 2019 (Exhibit 30F, 34F)?
>
> Yes.

(Tr. 1056-57). Plaintiff admits that not all the hospitalizations lasted 24 hours let alone establishes that any repeated complications lasted at least two weeks to meet the "repeated complications" requirement of Medical Listing 7.18. Plaintiff also cites other references to emergency room visits, but again, Plaintiff does not establish that she had repeated complications that lasted at least 2 weeks for the number of required occurrences to meet Medical Listing 7.18. (Doc. 27, p. 21-23). Nor does she establish that even though these complications lasted less than 2 weeks, she had *substantially* more frequent complications than 3 times per year. (Doc. 27, p. 21-23). While Plaintiff argues she meets the other requirements of the listing, without meeting the "repeated complications" requirement, she has not satisfied her burden and her argument fails. Thus, the ALJ did not err in finding Plaintiff did not meet a Medical Listing and substantial evidence supports this decision.

### B.    Medical Expert Dr. Jacobs

Plaintiff argues that the ALJ erred in finding Medical Expert Michael Jacobs, M.D.'s opinion persuasive. (Doc. 27, p. 29-30). Plaintiff claims that Dr. Jacobs' answers to interrogatories show that he did not fully read the medical records as shown by the inconsistencies in his responses to the interrogatories. (Doc. 27, p. 29). Thus, Plaintiff claims Dr. Jacobs' opinions are invalid. (Doc. 27, p. 29). The Commissioner contends that the ALJ properly evaluated the persuasiveness of Dr. Jacobs' medical opinion. (Doc. 27, p. 31).

The regulations for disability cases filed after March 27, 2017 – such as this one – changed and an ALJ no longer defers or give any specific evidentiary weight to a medical opinion. 20 C.F.R. § 404.1520c(a), 20 C.F.R. § 416.920c(a). Thus, an ALJ no longer uses the term "treating source" and does not defer or give specific evidentiary weight, including controlling weight, to any medical opinion or prior administrative medical finding. *Torres v. Comm'r of Soc. Sec.*, No. 6:19-cv-1662-ORL-PDB, 2020 WL 5810273, at *2 (M.D. Fla. Sept. 30, 2020) (citing 20 C.F.R. § 404.1520c(a)).

Instead, an ALJ assesses the persuasiveness of a medical source's opinions given the following five factors, with the first two being the most important: (1) supportability; (2) consistency; (3) relationship with the claimant, including the length, frequency, and purpose of the examining and any treatment relationship; (4)

specialization; and (5) other factors, such as the source's familiarity with other evidence concerning the claim, that tend to support or contradict the medical opinion. 20 C.F.R. § 404.1520c(a)-(c); 20 C.F.R. § 404.920c(a)-(c). An ALJ may but is not required to explain how he considers factors other than supportability and consistency, unless two or more opinions are equally persuasive on the same issue. 20 C.F.R. § 404.1520c(b)(2); 20 C.F.R. 416.920c(b)(2).

For supportability, the revised rules provide: "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(1); 20 C.F.R. 416.920c(c)(1). For consistency, the revised rules provide: "The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520(c)(2); 20 C.F.R. 416.920c(c)(2).

The new regulations also differentiate between medical opinions and "other medical evidence." 20 C.F.R. § 404.1513(a)(2)-(3). "A medical opinion is a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or

restrictions" in the abilities listed in paragraphs (a)(2)(i) through (iv). 20 C.F.R. § 404.1513(a)(2). "Other medical evidence is evidence from a medical source that is not objective medical evidence or a medical opinion, including judgments about the nature and severity of your impairments, your medical history, clinical findings, diagnosis, treatment prescribed with response, or prognosis." 20 C.F.R. 404.1513(a)(3).

Plaintiff speculates that based on his opinion, Dr. Jacobs had not fully read the medical records. (Doc. 27, p. 29). Plaintiff raises two arguments in support. First, Dr. Jacobs found only anemia, diabetes, and obstructive sleep apneas as established impairments and disregarded other impairments that the ALJ found severe, including lumbar degenerative disc disease and spondylosis, cervical spondylosis, headache, gastritis, and obesity. (Doc. 27, p 29). Second, Dr. Jacobs' opinion included an inconsistency when he stated that Plaintiff had no limitations or restrictions in one section, yet found Plaintiff had limitations in another. (Doc. 27, p. 30).

In the decision, the ALJ evaluated Dr. Jacobs' opinion as follows:

> The undersigned is persuaded by the opinions of the medical expert, Dr. Jacobs, who opined the claimant able to lift and carry 20 pounds and stand and/or walk a total of 6 hours in an 8-hour workday (Ex. 38F and 40F). Although Dr. Jacobs found the claimant able to lift and carry more than 20 pounds, the undersigned finds the medical evidence record including imaging of the claimant's lumbar spine and cervical spine does not support this. The opinions of Dr. Jacobs are supported by the claimant's reported improvement after pain management at the end of 2018, denial of lumbar and cervical symptoms in 2019 after pain management, and stable findings on

> examination including normal range of motion, normal gait, and 5/5 strength, which is consistent with the ability to stand and/or walk six hours in an eight-hour workday. In addition, although the claimant continued with anemia treatment, the claimant's anemia continued to improve and the claimant showed stable physical examinations (Ex. 33F). The claimant's hemoglobin measured 11.1 g/dl in January 2018 (Ex. 4F/25), on February 4, 2018, the hemoglobin measured 12.1 g/dl (Ex. 13F/28), on May 11, 2018, the claimant's hemoglobin measured 12.3 g/dl (Ex. 13F/32), and the claimant's hemoglobin measured 13.5 g/dl in September 2019 (Ex. 30F/5). The undersigned finds these measurements do not support a listing level as alleged (Ex. 33E). Therefore, Dr. Jacobs' opinions are consistent with findings on examination and the hemoglobin measurements.

(Tr. 36).

While the ALJ found Dr. Jacobs' opinion generally persuasive, the ALJ did not adopt all of Dr. Jacobs' opinions. Recognizing that Dr. Jacobs did not list all the impairments the ALJ found severe, the ALJ adopted different limitation findings. Specifically, the ALJ found the opinion supported as to Plaintiff's ability to lift and carry 20 pounds and stand or walk a total of 6 hours in an 8-hour workday. (Tr. 36). But the ALJ did not adopt Dr. Jacobs' finding that Plaintiff could lift or carry more than 20 pounds because the ALJ found the medical evidence, including imaging of Plaintiff's lumbar and cervical spine did not support this finding. (Tr. 36). The ALJ noted that Dr. Jacobs' opinion was supported by Plaintiff's reported improvements after pain management, denial of lumbar and cervical symptoms after pain management, and stable findings on examination as to normal range of motion, normal gait, and 5/5 strength, which is consistent with Dr. Jacobs' findings on the

ability to stand or walk. (Tr. 36). The ALJ also noted that Plaintiff's anemia continued to improve and she showed stable physical examinations. (Tr. 36). And based on this medical evidence, the ALJ found of Dr. Jacobs' opinion consistent with other medical evidence of record. (Tr. 36). Even if Dr. Jacobs did not find all the limitations that the ALJ found severe, the ALJ considered the supportability and consistency of Dr. Jacobs' opinion and adopted portions of Dr. Jacobs' opinion based on these criteria.

Plaintiff also claims that the ALJ should not have found Dr. Jacobs' opinion persuasive because he answered interrogatories inconsistently as to Plaintiff's limitations. (Doc. 27, p. 30). When asked in Interrogatory #9 to identify any functional limitations related to Plaintiff's impairments, Dr. Jacobs answered, "there are no limitations or restrictions for this patient." (Tr. 1041). Plaintiff argues this answer conflicts with all the limitations Dr. Jacobs found in the Medical Statement of Ability To Do Work Related Activities (Physical), such as limitations on lifting, carrying, sitting, standing, and walking. (Doc. 27, p. 30; Tr. 1043-48).

Plaintiff submitted Supplemental Interrogatories to Dr. Jacobs, and one specifically asked for clarification for this apparent inconsistency. (Tr. 1054-57). Although not entirely legible, Dr. Jacobs responded that the standing and walking limitations were based on Plaintiff's subjective statements, which suggests that his earlier finding of no limitations was supported by the objective findings of record.

(Tr. 1057). Dr. Jacobs sufficiently explained the inconsistency and as stated above, the ALJ properly evaluated the persuasiveness of Dr. Jacobs' opinion by considering both the supportability and consistency of the opinion.[3] Thus, substantial evidence supports the ALJ's persuasiveness finding for Dr. Jacobs' opinion.

## C.    Mental Health Impairment Limitations

Plaintiff argues that the ALJ erred by finding that Plaintiff had no work-related limitations related to her mental impairments. (Doc. 27, p. 34-35). The Commissioner asserts that substantial evidence supports the ALJ's finding on Plaintiff's mental health impairments. (Doc. 27, p. 36).

Plaintiff claims that the ALJ failed to determine whether Plaintiff's mental impairments were severe. (Doc. 27, p. 34-35). She argues the ALJ erred in finding that she sought mental health treatment for marital issues only, when in fact she sought treatment for both marital issues and her chronic health problems. (Doc. 27, p 35). Plaintiff also argues that even though her therapist was not an acceptable medical source, this source performed an objective test that documented Plaintiff's issues with anxiety and depression. (Doc. 27, p. 35-36).

---

[3] Plaintiff also argues that "the Eleventh Circuit has made it clear that evidence from a non-examining, reviewing physician is entitled to little weight and, taken alone, does not constitute substantial evidence to support an administrative decision" citing *Swindle v. Sullivan*, 914 F.2d 222, 226 n.3 (11th Cir. 1990). (Doc. 27, p. 30-31). But as explained above, the regulations changed and an ALJ no longer defers or gives specific evidentiary weight to any medical opinion. *See Torres v. Comm'r of Soc. Sec.*, No. 6:19-cv-1662-ORL-PDB, 2020 WL 5810273, at *2 (M.D. Fla. Sept. 30, 2020) (citing 20 C.F.R. § 404.1520c(a)). Thus, this argument fails.

Plaintiff received mental health treatment from licensed clinical social worker, Martha Wisbey. (Tr. 892-916). Under the regulations, to establish that you have a medically determinable mental or physical impairment, the impairment must be established by "objective medical evidence from an acceptable medical source." 20 C.F.R. §§ 404.1521, 416.921. The regulations list acceptable medical sources, and this list does not include licensed clinical social workers, such as LCSW Wisbey. 20 C.F.R. §§ 404.1502, 416.902. As a result, Plaintiff cannot establish a mental impairment through treatment by LCSW Wisbey.

The ALJ also acknowledged that Plaintiff alleged debilitating symptoms related to mental health impairments. (Tr. 34). The ALJ found these debilitating symptoms contradicted the objective medical record evidence. (Tr. 34-35). The ALJ found the evidence "strongly supports no mental health impairments and no mental limitations." (Tr. 35). The ALJ supported this statement by finding that Plaintiff had stable mental status examinations throughout the record. (Tr. 35). The ALJ also acknowledged that Plaintiff presented for therapy with a licensed clinical social worker for several visits because of marital separation issues. (Tr. 35). The ALJ noted that Plaintiff did not continue with therapy or seek more treatment. (Tr. 35). The ALJ also cited instances when Plaintiff had generally normal mental health. (Tr. 35). The ALJ concluded, "[m]entally, the claimant demonstrated a stable mental status examinations throughout with no severe mental impairments or mental

limitations." (Tr. 35). Thus, the ALJ considered Plaintiff's mental impairments and found them not severe and found no mental limitations.[4]

For these reasons, the ALJ's decision as to Plaintiff's mental impairments is supported by substantial evidence and the ALJ committed no error.

## III.   Conclusion

For the reasons discussed above, the Court finds that the decision of the Commissioner is supported by substantial evidence and the Commissioner applied the correct legal standard. The decision of the Commissioner is **AFFIRMED**. The Clerk of Court is directed to enter judgment consistent with this opinion, terminate all deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on April 25, 2022.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[4] Plaintiff mentions that at the hearing her attorney told the ALJ that Plaintiff could not continue therapy due to a loss of her insurance and her co-pays were too high. (Doc 27, p. 35). Plaintiff does not assert any further argument or cite authority on this issue and it is therefore waived. . *See Outlaw v. Barnhart*, 197 F. App'x 825, 828 n.3 (11th Cir. 2006) (holding claimant waived issue because he did not elaborate on claim or provide citation to authority regarding claim).